AO 106A  (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### Southern District of West Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. 3:20-mj-00090
)
External hard drives, cellular telephones, computer )
towers, and micro SD card, located at 1404 Forensic )
Science Drive, Huntington, WV )

**FILED**

**NOV 1 9 2020**

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Subject Property, to wit: external hard drives, cellular telephones, two computer towers, and one micro SD card, all currently located at 1404 Forensic Science East, Charleston, West Virginia, 25301- Further described in Attachment A.

located in the _____ Southern _____ District of _____ West Virginia _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A | Possession of child pornography |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Georgia Marshall, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date: November 19, 2020

_____
*Judge's signature*

City and state:  Huntington, West Virginia

Cheryl A. Eifert U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

**DESCRIPTION OF ITEMS TO BE SEARCHED**

The items to be searched are the SUBJECT DEVICES, more specifically described as:

a.    Seagate Barracuda 2 TB external hard drive, S/N ZFL22AT2;

b.    Toshiba 1 TB external hard drive, S/N: 54RZS2QBSTT1;

c.    Nokia Zeiss cellular telephone;

d.    Motorola Model XT1625 cellular telephone; IMEI 354124070415385

e.    SanDisk 8 GB Micro S.D. card (PVN Adapter);

f.    Vatar computer tower, including:

        i.    Lite-On Model LCS128L95 128 GB hard drive;

        ii.    WD 3D NAND 500 GB hard drive, S/N 200705A00E1B;

        iii.  WD 10EZEK 1 TB hard drive, S/N WMC3FOF78X19;

        iv.   Hitachi 2 TB hard drive, S/N B9JAMBZT; and

g.    Emachine computer tower, including:

        i.    Seagate Momentus Thin hard drive, S/N S3P7HBNJ;

        ii.    Toshiba 500 GB hard drive, S/N 46P3PIL9T; and

        iii.  Hitachi Model HTS543216L9A300 160 GB hard drive.

The devices are currently located at 1401 Forensic Science Drive, Huntington, WV 25701.

## ATTACHMENT B

### ITEMS TO BE SEIZED

All records on the SUBJECT DEVICES described in Attachment A, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. 2252A (a)(5)(B) and (b)(2) to include:

a. evidence of who used, owned, or controlled the DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved user names and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the SUBJECT DEVICES, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the devices were accessed or used to determine the chronological context of access, use, and events relating to the crime(s) under investigation and to the computer user;

e. evidence indicating the device user's knowledge and/or intent as it relates to the crime(s) under investigation;

f. evidence of the attachment to the DEVICES of other storage devices or similar containers for electronic evidence;

g. evidence of programs (and associated data) that are designed to eliminate data from the SUBJECT DEVICES;

h. evidence of the times the SUBJECT DEVICES were used;

i. passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT DEVICES;

j. records of or information about Internet Protocol addresses used by the SUBJECT DEVICES;

k. records of or information about the DEVICES' Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any

Internet search engine, and records of user-typed web addresses; and

l. contextual information necessary to understand the evidence described in this attachment.

m. Child pornography, as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), and child erotica.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.